UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
for the use and benefit of
BERRY'S HEATING AND AIR
CONDITIONING, INC., a
California corporation,

NO. CIV. 05-2196 LKK/JFM

    Plaintiff,

  v.

                        O R D E R

FIREMAN'S FUND INSURANCE
COMPANY, et al.,

    Defendants.
                                 /

    The matter is before the court on Atkinson, Adelson, Loya, Ruud & Romo's ("Atkinson" or "counsel") motion to withdraw as counsel of record for plaintiff, United States for use of Berry's Hearing and Air Conditioning, Inc. ("Berry's").

    Local Rule 83-182(d) states that "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and written notice to the client

1

1  and all other parties who have appeared . . . .  Withdrawal is
2  governed by the Rules of Professional Conduct of the State Bar of
3  California, and the attorney shall conform to the requirements of
4  those Rules.  The authority and duty of the attorney of record
5  shall continue until relieved by order of the Court issued
6  hereunder.  Leave to withdraw may be granted subject to such
7  appropriate conditions as the Court deems fit."

8   Atkinson was originally contacted by Berry's lead counsel,
9  Kevin Cox, who is located in New York, to serve as local counsel
10 for Berry's in this litigation.  Since that contact, however,
11 Berry's has refused to sign a representation agreement and has
12 refused to communicate or correspond with the Atkinson firm
13 regarding its representation of Berry's, and has insisted that
14 correspondences be sent to Mr. Cox, who has "given conflicting
15 instructions."  Mot. to Withdraw at 4-5.  Atkinson states that
16 Berry's has refused to allow it to make court appearances and has
17 also not allowed Atkinson to perform necessary work.  Id.  Berry's
18 has also failed to pay pending attorney's fees and costs.  Id.  In
19 sum, Berry's failures have caused a "breakdown in the attorney-
20 client relationship and have rendered it unfeasible for the
21 Atkinson firm to carry out its representation of Berry's
22 effectively."  Id. at 5.

23  Rule 3-700(c) of the California Rules of Professional Conduct
24 governs the permissive withdrawal of counsel.  That rule provides
25 support for counsel's motion to withdraw, as demonstrated by the
26 following sections:

1  A member of the bar may request permission to withdraw
2  where the client "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively," 3-700(C)(1)(d), " the inability
3  to work with co-counsel indicates that the best interests of the client likely will be served by
4  withdrawal," 3-700(C)(3).

5  Further, the California State Bar Rules of Professional
6  Conduct allow an attorney to permissively withdraw for non-payment
7  of fees.  <u>See</u> California State Bar Professional Conduct Rule
8  3-700(C)(f) and <u>In re Cedic Development Co.</u>, 219 F.3d 1115, 1116
9  (9th Cir. 2000).

10  Additionally, Atkinson explains that its client would not be
11  prejudiced because Berry's has been provided with at least three(3)
12  months' notice that it intends to withdraw from its representation
13  and notes that trial is thirteen months away.  Cable Dec. at ¶ 10.
14  Finally, Atkinson states that its clients have been served with a
15  copy of this motion and all attachments thereto.

16  Based on the record before the court, counsel's motion to
17  withdraw is GRANTED.  The court hereby ORDERS as follows:

18  1.  Counsel is directed to serve this order onto plaintiff.
19  2.  Counsel is directed to release all client papers and
20  property to plaintiff within fifteen (15) days, including
21  correspondence, pleadings, deposition transcripts, exhibits,
22  physical evidence, expert's reports, and other items reasonably
23  necessary to the client's representation, whether the client has
24  paid for them or not.
25  3.  A Status conference is SET for July 24, 2006 at 2:00 p.m.
26  ////

Plaintiff is directed to obtain a new attorney before the scheduled Status Conference and to notify the court of the new attorney prior to the conference.[1]

IT IS SO ORDERED.

DATED: May 31, 2006.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] It appears to the court that plaintiff has still retained Kevin Cox as its counsel. Mr. Cox has been admitted on a pro hac vice basis, but in order for plaintiff to proceed in this court, Mr. Cox must associate with local counsel. Further, the court notes that plaintiff cannot proceed in pro per because it is a corporation. Because plaintiff may not proceed in pro per, a failure to obtain counsel will result in dismissal of the complaint.